UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P&B INTERMODAL,<br><br>        Plaintiff,<br><br>    v.<br><br>MARCEY JOHNSON,<br><br>        Defendant. | No. 2:21–cv–0603–KJM–CKD (PS)<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 14) |

      Plaintiff P&B Intermodal, as Plan Administrator of the P&B Intermodal Employee Benefit Plan, moves the court for default judgment against defendant, Marcey Johnson. (ECF No. 14.) By this motion, plaintiff seeks a default judgment requiring defendant to turn over settlement proceeds in the amount of $32,399.19, plus interest accrued. This motion was noticed for a hearing to take place at 10:00 a.m. on August 4, 2021. At the time and date specified for the hearing, attorney Zahra Aziz appeared via Zoom on behalf of plaintiff. There was no appearance by defendant. Accordingly, the motion for default judgment is unopposed. For the reasons set forth herein, it is recommended the motion be granted.

**I. BACKGROUND**

      This is an action brought under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"). See 29 U.S.C. § 1132(a)(3). Plaintiff seeks to enforce terms of the P&B Intermodal Employee Benefit Plan (hereinafter "the Plan"). The Plan is

a self-funded employee welfare benefit plan within the meaning of section 3(a) of ERISA, 29 U.S.C. § 1002(1). Defendant was a participant in the Plan. (ECF Nos. 1, 14.)

Plaintiff alleges the Plan paid benefits on behalf of defendant for injuries sustained from an August 12, 2018 motor vehicle accident. Plaintiff seeks equitable relief in the form of a constructive trust or equitable lien upon funds held by defendant. Plaintiff alleges the funds at issue are settlement proceeds that were separately obtained by defendant and which, pursuant to the Plan's provisions governing subrogation and reimbursement, belong to the Plan. (ECF Nos. 1, 14.)

Plaintiff initiated this action on April 1, 2021. The return of service filed on April 12, 2021 indicates that defendant was personally served with a summons and a copy of the complaint on April 7, 2021. Pursuant to plaintiff's request, the Clerk entered a default on May 3, 2021. On July 9, 2021, plaintiff served defendant by mail with a copy of the motion for default judgment.

**II.  LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint, other than those relating to damages, are taken as true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the motion for default judgment. See TeleVideo Sys., Inc., 826 F.2d at 917-18.

////

Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

### III. DISCUSSION

#### A. Eitel Factors

##### 1. Possibility of Prejudice to Plaintiff

Potential prejudice to the plaintiff if default judgment is not entered militates in favor of granting a default judgment. See PepsiCo, Inc., v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff filed suit on April 1, 2021, and defendant has failed to respond to the complaint or otherwise put forth a defense in this action. The present litigation therefore cannot move forward, prejudicing plaintiff by leaving no recourse other than to seek a default judgment. Accordingly, the first factor weighs in favor of default judgment.

##### 2. Merits of the Substantive Claim and the Sufficiency of the Complaint

Plaintiff alleges the Plan paid medical expenses in the amount of $32,399.49 on behalf of defendant for injuries defendant sustained as a result of the August 12, 2018 vehicle accident. (ECF No. 1 at 3.) Plaintiff alleges the Plan contained provisions governing subrogation and reimbursement, as quoted and set forth in the complaint, which gave the Plan an ERISA lien over funds defendant obtained through an independent settlement of her liability claims pertaining to the August 12, 2018 motor vehicle accident. (ECF No. 1 at 3-8.)

Plaintiff alleges the Plan, through its agent, placed defendant on notice of its ERISA lien in the amount of $32,399.19 prior to defendant's settlement of her liability claims. Plaintiff alleges defendant settled her liability claims against Metlife for the policy limits of $15,000.00. Plaintiff alleges defendant also received $5,000 in med-pay limits and a UIM (uninsured

3

motorist) settlement. Plaintiff alleges that upon defendant's settlement of her claims, the Plan's lien automatically attached to the settlement proceeds such that the Plan became constructive owner of $32,399.19 of the settlement funds. Defendant has not responded to attempts made by the Plan seeking reimbursement of its ERISA lien. (ECF No. 1 at 8.)

Pursuant to 29 U.S.C. § 1132(a)(3)(B), the fiduciary of a plan may bring a civil action to obtain "appropriate equitable relief ... to enforce ... the terms of the plan." The Supreme Court has held that fiduciaries and plan administrators may enforce reimbursement provisions by filing suit under section 502(a)(3) of ERISA. See U.S. Airways, Inc. v. McCutchen, 569 U.S. 88, 91 (2013) (citing Sereboff v. Mid Atl. Med. Servs., Inc., 547 U.S. 356, 362 (2006)). A "feature of equitable restitution [is] that it [seeks] to impose a constructive trust or equitable lien on 'particular funds or property in the defendant's possession.'" Sereboff, 547 U.S. at 362 (quoting Great-W. Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213 (2002)).

Applying the principles discussed in Sereboff, The Ninth Circuit has held that three criteria must be satisfied to establish an equitable lien by agreement in an ERISA action. Bilyeu v. Morgan Stanley Long Term Disability Plan, 683 F.3d 1083, 1092 (9th Cir. 2012).

> *First*, there must be a promise by the beneficiary to reimburse the fiduciary for benefits paid under the plan in the event of a recovery from a third party. *Second*, the reimbursement agreement must specifically identify a particular fund, distinct from the beneficiary's general assets, from which the fiduciary will be reimbursed. *Third*, the funds specifically identified by the fiduciary must be within the possession and control of the beneficiary.

Id. at 1092-93 (italics in original) (internal citations, quotation marks, and brackets omitted).

Taking the well-pleaded factual allegations in the complaint as true, the first Bilyeu criterion is satisfied by the terms of the Plan. The nature of the settlement funds, which came from a third-party, satisfy the second requirement of a particular fund. See Bilyeu, 683 F.3d at 1093. In addition, plaintiff seeks a constructive trust or equitable lien "over identifiable funds in the possession or constructive possession of the defendant." (ECF No. 1 at ¶ 3.)

The allegations of the complaint are sufficient to state a claim on which plaintiff may recover. Thus, the merits of plaintiff's substantive claim and the sufficiency of the complaint weigh in favor of default judgment. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

4

### 3. Sum of Money at Stake

Plaintiff seeks equitable relief for the sum of $32,399.19, which is the amount paid on behalf of defendant, plus interest. The sum of money at stake is considered in relation to the seriousness of the defendant's conduct. PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). The court assesses whether the recovery sought is proportional to the harm caused by defendants' conduct. See Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) ("Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct"). Because plaintiff seeks reimbursement for expenses incurred, plus interest, and has established an entitlement to this sum by well-pleaded factual allegations, the recovery sought is proportional to the harm caused by defendant's conduct.

### 4. Possibility of a Dispute Concerning Material Facts

There is no indication that there are material facts in dispute. As set forth, the court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default. On this basis, there are no genuine issues of material fact that prevent default judgment. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.

### 5. Whether the Default Was Due to Excusable Neglect

The record contains no indication that defendant's default is due to excusable neglect. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Here, despite having been served

with the summons and complaint as well as the motion for default judgment, defendant has failed to appear or defend. This factor favors a default judgment.

### 6. Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citation omitted); see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Rule 55 allows a court to decide a case before the merits are heard if defendant fails to appear and defend. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Accordingly, although the court is cognizant of the policy in favor of decisions on the merits, that policy does not, by itself, preclude the entry of default judgment.

### 7. Recommendation

Taken together, the Eitel factors support granting the request for default judgment. It is therefore recommended that default judgment be entered.

### B. Remedies

Only equitable relief may issue under 29 U.S.C. § 1132(a)(3). See Providence Health Plan v. McDowell, 385 F.3d 1168, 1173 (9th Cir. 2004). Having met its burden of demonstrating judgment should be granted by way of a motion for default judgment, the Plan is entitled to a constructive trust upon the settlement funds in defendant's actual or constructive possession. See Reynolds Metals. Co., v. Ellis, 202 F.3d 1246, 1247 (9th Cir. 2000) (holding that a constructive trust is an appropriate remedy under 29 U.S.C. § 1132(a)(3) where there has been a breach of fiduciary duty and an "ill-gotten" gain).

Plaintiff's request for relief additionally states plaintiff is entitled to an award of its costs and fees, including attorney fees, incurred in bringing this action. Plaintiff may bring a motion for attorney's fees and costs. Eastern District of California Local Rule 293 provides that such motions are governed by Local Rule 230 for notice, opposition, reply, and decision. See also Fed. R. Civ. P. 54(d), 58.

////

////

## IV. CONCLUSION

IT IS HEREBY RECOMMENDED:

1. Plaintiff's motion for default judgment (ECF No. 14) be GRANTED under the terms specified herein;
2. Judgment be entered in plaintiff's favor and against defendant; and
3. Plaintiff be awarded a constructive trust upon the settlement proceeds in defendant's actual or constructive possession in the amount of $32,399.19, plus interest accrued.

IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith serve a copy of this order and findings and recommendations on defendant by U.S. mail at defendant's last known address.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 4, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.P&BIntermodal0603.mdj